IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOSUE ISAAC RODAS GODINEZ,** | § § § | |
| Petitioner, | § § | |
| v. | § § | EP-20-CV-107-KC |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, COREY PRICE, MATTHEW ALBENCE, CHAD WOLF, WILLIAM BARR, U.S. DEPARTMENT OF JUSTICE, and JOHN F. BASH,** | § § § § § § § § | |
| Respondents. | § | |

## ORDER

On this day the Court considered Respondents' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Transfer Venue (the "Motion"), ECF No. 6. For the following reasons the Motion is **GRANTED** in part and **DENIED** in part. This matter is **TRANSFERRED** to the Las Cruces Division of the United States District Court for the District of New Mexico.

### I. BACKGROUND

Petitioner filed a Class Action Complaint and Petition for Writ of Habeas Corpus, seeking to compel Immigrations and Customs Enforcement ("ICE") to consider releasing him and other similarly situated "Age-Outs" from ICE custody in compliance with 8 U.S.C. § 1232(c)(2)(B). *See* Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 4.

Briefly, Petitioner entered the United States at the age of seventeen and was designated an Unaccompanied Alien Child ("UAC"). *Id.* ¶ 4. Pursuant to that designation, Petitioner was

1

transferred from the custody of United States Customs and Border Protection ("CBP") to the custody of the Department of Health and Human Services Office of Refugee Resettlement ("ORR"). *Id.* ¶ 5. Petitioner "aged-out" of ORR custody on his eighteenth birthday and was transferred to ICE custody. *Id.* ¶ 6. After a short period of detention at the El Paso Processing Center, Petitioner was transferred to the Otero County Processing Center (the "OCPC"), located in Chaparral, New Mexico. *Id.* ¶¶ 2, 6. Petitioner remains at the OCPC. *See id.*

Petitioner alleges that the "ICE El Paso Field Office is routinely and systematically failing to comply with the requirements of 8 U.S.C. § 1232(c)(2)(B) with respect to unaccompanied immigrant children transferred into ICE's custody when they turn eighteen." *Id.* ¶ 8. Specifically, Petitioner alleges that ICE has failed to consider and make available the least restrictive alternatives to detention for himself and others similarly situated. *Id.* ¶¶ 9–11. Moreover, Petitioner suffers from health problems that make him particularly vulnerable to COVID-19, which has been confirmed among the detainee population at OCPC. *Id.* ¶ 1; Opposed Mot. for TRO & Prelim. Inj. 10, 16, 19–20, ECF No. 5. For this and other reasons, Petitioner alleges that he and other putative class members are suffering irreparable harm and requests that they be immediately released during the pendency of this action. Pet. ¶ 14.

On May 5, 2020, Petitioner filed a Motion for Preliminary Injunction. On May 11, 2020, Respondents filed the instant Motion. On May 12, 2020, Petitioner filed a brief Response to Respondents' Motion, ECF No. 7. In his Response, "Petitioner respectfully requests this Court to rule as soon as possible on the pending motions . . . . Petitioner is desperate." *Id.* at 5.

## II. DISCUSSION

### A. Standard

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil*, 545 U.S. at 552; *People's Nat'l Bank*, 362 F.3d at 336. A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The party asserting jurisdiction constantly bears the burden of proof that the jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Analysis

#### 1. The Court lacks subject-matter jurisdiction to hear Petitioner's habeas claim.

Respondents argue that this Court lacks subject-matter jurisdiction over this action because, with limited exceptions that do not apply here, federal courts are only granted jurisdiction to issue writs of habeas corpus as to detainees confined within the judicial district in

3

which they sit. Mot. 3–10. Respondents argue that the proper respondent is Petitioner's immediate custodian, OCPC Warden Dora Orozco. *Id.* at 7–9. Because both Orozco and Petitioner are located in the State of New Mexico, Respondents argue that only the District of New Mexico has jurisdiction over this habeas action. *See id.*

Petitioner argues that, "on information and belief," Orozco has no independent authority to order his relief. Opposed Mot. for TRO & Prelim. Inj. 12. Instead of Orozco, he argues, the proper Respondent is ICE El Paso Field Office Director Corey Price, who has "control over the production and release of Petitioner." *Id.* Because Price is located in the Western District of Texas, Petitioner argues that this Court has subject-matter jurisdiction. *See id.* at 10–14; Resp. 4–5.

The habeas corpus statute invoked by Petitioner provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). This language has been interpreted to establish the general rule that "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lea v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *accord Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). At the same time, it is also a longstanding requirement that the "court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973)). The "immediate custodian rule" reconciles these two jurisdictional principles, directing that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447; *Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 183 & n.6 (5th Cir. 2005).

In *Padilla*, the Supreme Court noted that by establishing habeas jurisdiction in only one federal district, the immediate custodian rule "avert[s] the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.'" 542 U.S. at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)). Even so, the *Padilla* court "decline[d] to resolve" a circuit split as to whether the immediate custodian rule applies to "an alien detained pending deportation," because the issue was not before the Court. *Id.* at 435 n.8. It does not appear that the Fifth Circuit has ever considered the question. In *Padilla*, the Supreme Court noted that four of five circuits to have considered the issue at that time had held that the immediate custodian rule applied in the context of immigration detention. *Id.*

Since *Padilla*, it appears that only one federal court of appeals has considered the issue. *See Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006). As here, the petitioner in *Kholyavskiy* was detained in a detention center in one judicial district—the Eastern District of Wisconsin—but filed his petition in a different district—the Northern District of Illinois—naming the director of the ICE field office as a respondent. *See id.* at 948. The Seventh Circuit applied the reasoning in *Padilla* and found that the warden of the Wisconsin jail where the petitioner was detained, and not the ICE field director in Illinois, was the proper respondent. *Id.* at 953 (quoting *Padilla*, 542 U.S. at 439) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

The Court finds the reasoning in *Kholyavskiy* persuasive and squarely applicable to the present case. There is no reason to believe that the concerns about inconsistent judgments by far-flung courts raised by the Supreme Court in *Padilla* apply with any less force in the context of challenges to present physical confinement in immigration detention. *See Padilla* 542 U.S. at

5

442, 447. Accordingly, only the District of New Mexico, in which both Petitioner and his immediate custodian—warden Orozco—are located, has subject-matter jurisdiction to hear Petitioner's habeas case. This conforms with the approach taken by district courts within the Fifth Circuit, including this Court. *See, e.g.*, *Dada v. Witte*, No. 20-1093, 2020 WL 1674129, at *2 & n.4 (E.D. La. Apr. 6, 2020) (collecting cases); *Solomon v. Terry*, No. EP-12-CV-411-KC, 2012 WL 6097094, at *1 (W.D. Tex. Dec. 7, 2012).

Petitioner argues that because "the Fifth Circuit has not addressed the immediate custodian rule in the context of immigration detention," the Court should hold that it has jurisdiction over this matter, "where there are two potential immediate custodians in two potentially different locations: the field office director and the warden." Mot. for TRO & Prelim. Inj. 12. But, Petitioner's solution—that he could name either custodian and file his habeas claim in either jurisdiction—poses the very problems that the Supreme Court has held Congress intended to avoid by granting courts the authority to issue writs of habeas corpus only "within their respective jurisdictions." *Padilla*, 542 U.S. at 442, 447.

Petitioner further argues that "Respondents can avoid judicial review in either state by arguing neither state's federal district court has jurisdiction or venue because the immediate custodian is in the other state." Resp. 4. This concern is misplaced. It is clear that the District of New Mexico would have jurisdiction to hear this matter under the immediate custodian rule, which requires a habeas petitioner to "name his warden as respondent and file the petition in the district of confinement." *See Moreland*, 431 F.3d at 183 n.6. The Court has no reason to believe that the question would be decided differently by a New Mexico district court within the Tenth Circuit, where the immediate custodian rule has also been recognized as generally applicable to challenges to present physical confinement. *See DeWilliams v. Davis*, 369 F. App'x 912, 915

(10th Cir. 2010) (citing *Padilla*, 542 U.S. at 439). Moreover, the Government acknowledges that the District of New Mexico "does have jurisdiction over this matter." Mot. 12. In addition to the lack of authority upon which to argue that the District of New Mexico lacks jurisdiction, the Government would be hard pressed to explain its abrupt change in position to the New Mexico district court.

In sum, the Court holds that the proper Respondent is not ICE Field Director Price, but OCPC Warden Orozco, and that this Court lacks subject-matter jurisdiction over Petitioner's habeas claim.[1]

### 3. Transfer is appropriate in lieu of dismissal

While Respondents principally seek dismissal of this action, they argue in the alternative that the Court should transfer the case to the District of New Mexico. Mot. 17.

"Whenever a civil action is filed in a [federal district court] . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action [to another court] in which the action . . . could have been brought at the time it was filed . . ." 28 U.S.C. § 1631. In *Griffin v. Ebbert*, 751 F.3d 288 (5th Cir. 2014), the Fifth Circuit ordered that a habeas petition over which the district court below did not have jurisdiction be transferred to the Middle District of Pennsylvania, which would have jurisdiction. *See id.* at 290–91.

Given the urgency of Petitioner's claim, *see* Resp. 5 ("Petitioner is desperate."), the Court finds that it is in the interest of justice to transfer this action to the Las Cruces Division of the

---

[1] Petitioner also argues that the Court has federal-question jurisdiction under 28 U.S.C. § 1331, because the Petition claims the violation of federal statutes, namely U.S.C. § 706(2) (the "APA") and 8 U.S.C. § 1232(c)(2)(B). *See* Mot. for TRO & Prelim. Inj. 13; Resp. 4. Certainly, Petitioner asks the Court to "Declare that Petitioner's and class members' ongoing detention violates 8 U.S.C. § 1232(c)(B)(2), the TVPRA, APA, and Due Process Clause." Pet. ¶ 119(e). However, by their nature, habeas corpus petitions allege the violation of federal statutory or constitutional rights. *See* 28 U.S.C. § 2241(c); *see, e.g.*, *Padilla*, 542 U.S. at 432. And, petitioner has framed his claims here in the form of a petition for habeas corpus under § 2241. *See generally* Pet.

United States District Court for the District of New Mexico, which has jurisdiction over both Petitioner and the proper respondent, Warden Orozco. *See* 28 U.S.C. § 1631.

## III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Transfer Venue, ECF No. 6, is **GRANTED** in part and **DENIED** in part. The Motion is granted with respect to its request for a transfer and denied with respect to its request for dismissal.

**IT IS FURTHER ORDERED** that this matter is hereby **IMMEDIATELY TRANSFERRED** to the Las Cruces Division of the United States District Court for the District of New Mexico.

After transfer, the clerk shall close the case in this Court.

**SO ORDERED.**

SIGNED this 13th day of May, 2020.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE